JOHNSON, J.,
dissents with reasons.
hi respectfully disagree with the majority and would reverse the granting of summary judgment in favor of defendant, Superior Energy Services, Inc. (“Superior”). I believe there are genuine issues of fact that preclude summary judgment at this time.
The basis of Superior’s motion for summary judgment hinged on whether Mrs. Funderburg had a possessory interest in the stock option for purposes of conversion. Superior’s argument rested solely on the premise that the non-transferability clause in the Stock Option Agreement between Mr. Funderburg and Superior prohibited the transfer of the stock options. As such, Superior claimed Mr. Funderburg could have never validly transferred the stock options to Mrs. Funderburg, even through a community property partition agreement. Superior maintained that nothing in the community property laws gave Mr. Funderburg the right to ignore the express terms of the contract, which prohibited the assignment of his contract interests.
Because corporate regulations cannot interfere with the operation of laws that establish community ownership rights, the non-transferability clause in the Stock Option Agreement could not and did not prevent Mr. Funderburg from transferring the stock option to Mrs. Funderburg in a community property partition agreement. Thus, I do not find Superior is entitled to judgment as a matter of law on the issue of whether Mrs. Funderburg could |2meet her burden of proving a possessory interest in the stock option for the purposes of conversion.
To support the granting of summary judgment in favor of Superior, the majority relies on Paragraph 10.2 of the 1999 Stock Incentive Plan to find Mrs. Funder-burg did not comply with Superior’s requirements to properly transfer the stock option and, thus, she did not have a pos-sessory interest at the time of the alleged conversion. Superior never made this argument either in its motion for summary judgment or at the motion hearing. Because Superior’s sole argument was that the stock option could never be transferred, there is no evidence regarding the procedure required to comply with the part of Paragraph 10.2 relied upon by the majority that purportedly allows for the transferability of the stock option “if permitted by the Committee and so provided in the Incentive Agreement or an amendment thereto ... pursuant to a domestic relations order.”
I find too many questions of fact exist at this time regarding the applicability of Paragraph 10.2. While the majority suggests the onus was on Mrs. Funderburg to comply with Paragraph 10.2, there is no evidence regarding who is responsible for initiating the approval and/or amendment process or whether there is a triggering event that initiates the process. Additionally, there is no evidence regarding the *1156 time frame for the process. Further, because there is no evidence regarding the approval process, questions exist as to whether the process contradicts community property laws. For example, if the Committee is allowed to reject the transfer between spouses, such action potentially interferes with community property laws. Absent evidence of the approval and/or amendment process under Paragraph 10.2, this Court cannot determine whether Superior is entitled to summary judgment as a matter of law. In my opinion, these issues, which were never | praised by Superior in its motion for summary judgment, present issues of fact that preclude summary judgment at this time.
For these reasons, I would reverse the granting of summary judgment in favor of Superior.